MATHEWS, Chief Justice
(dissenting).
In this case a petition to validate certain bonds was filed in the Circuit Court on November 17, 1954. On that date a rule nisi, or notice, was issued, as provided for by Section 75.05, F.S., F.S.A., returnable to December 8, 1954. A copy of the petition and notice was served upon the state attorney on November 17, 1954.
It is provided by Section 75.06, F.S., F.S.A., that by the publication of the said order, all property owners, taxpayers, citizens and others having, or claiming, any right, title or interest in said county, municipality or district, or the taxable property therein, shall be considered as and are made parties defendant to said proceedings, and the Court shall have jurisdiction of them to the same extent as if named as defendants in said petition and personally served with process in the cause.
*405 Section 75.05, F.S., F.S.A., requires that all of the persons above named as defendants, and the State of Florida through its state attorney or attorneys of the circuit wherein said county, municipality or district lies, to appear at a time and place to be designated in such order and show cause why the petition should not be granted and the bonds validated. It, therefore, appears that Sections 75.05 and 75.06, F.S., F.S.A., must be construed together in connection with Sections 75.07 and 75.08, F.S., F.S.A.
Section 75.07, F.S., F.S.A, provides that any party interested may become a party to said proceedings by pleading to the said petition on or before the time set for hearing as provided in Section 75.05, F.S., F.S.A. The interested parties in this case did not avail themselves of the privileges extended to them by Section 75.05, F.S., F.S.A., but the state attorney did appear and answer for them as provided for by Section 75.05, F.S., F.S.A. At the time provided for, the Judge proceeded to hear and determine all questions of law and fact in said cause and rendered a final decree therein as provided for by Section 75.07, F.S., F.S.A. After decree of validation had been properly entered and made, the interested parties filed notice of appeal and assignments of error without making any application at any time to intervene in the cause and without obtaining any leave of Court to intervene.
It is very clear that these interested persons had a right to be and appear in Court at the time named in the rule nisi and without the order of any Court giving them leave to intervene. Having failed to take advantage of the provision of law which required and permitted them to appear as parties defendant prior to the time of the validation decree, they could only intervene and become parties as provided for in Section 75.07, F.S., F.S.A.
The question presented was clearly passed upon adversely to the contention of the so-called interested parties in the case of State of Florida, H. C. Williamson v. Florida State Improvement Commission, Fla., 75 So. 2d 1. It is quite true that the Court, speaking through Mr. Justice Davis, in the case of State v. Sarasota County, 118 Fla. 629, 159 So. 797, used - language which may be construed as holding'that-the privilege of appeal exists whether the particular individual has actually appeared or exercised his statutory right of intervention as a nominal party on the record or not. The language used in that case was not necessary to a decision on the main questions and may be considered as obiter dicta. Certainly, the language so used and so interpreted is contrary to our most recent ruling in the Williamson case, supra.
We should not assume that the Legislature used words in Section 75.07 needlessly. They were used for a purpose. All of these sections must be construed together and when this is done we arrive at the inescapable conclusion that if the interested party does not appear at the time and place named in the rule nisi and waits.until after the validation decree has been signed, as was done in this case, he cannot- become a party to the proceeding unless he does so by intervention upon leave of the Court. In. this case there was no intervention upon leave of Court.
It is insisted that in the Williamson case, supra, we determined only the one question that the Court did not abuse its discretion in denying to Williamson and others the right to intervene. This is not a correct statement. It is true that we held the Court did not abuse its discretion in the Williamson case, but we went much further and held unequivocally that Williamson and others were not parties to the cause and had no right or authority to prosecute an appeal and had no standing in this Court. In State of - Florida, H. C. Williamson v. Florida State Improvement Commission, supra, we said [75 So.2d 5]:
“This entire question of intervention is covered by Chapter 75, and particularly F.S. Section 75.05, F.S.A. Suit was filed on the 25th day of March, 1953, and rule nisi was .issued returnable January 18, 1954. The law with reference to such rule nisi was strictly complied with in all respects. On the return day, to-wit, January 18, 1954, the *406 State Attorneys in Leon County and for Martin and St. Lucie Counties filed motions to dismiss. By order of the Circuit Court all objections were postponed until Friday, January 29, 1954, on which date a hearing was had. On the 11th day of February, 1954, after testimony had been taken, and after the return day of the rule nisi, H. C. Williamson, and others, filed their petition to intervene to which was attached a proposed answer. By F.S. Section 75.07, F.S.A., it is provided that any interested person may become a party to the proceeding by pleading to the petition on or before the time set for hearing, as provided for in F.S. Section 75.05, F.S.A., or thereafter by intervention upon leave of the Court.
* * * * * *
“Williamson, and others, never became parties to the proceeding and are not proper parties on the appeal. The Circuit Judge did not abuse his discretion in denying to Williamson, and others, the right to intervene. As they were not parties to the cause, they had no right or authority to prosecute an appeal and have no standing in this Court.
* * * * if *
“It was the purpose and intention of F.S. Chapter 75, F.S.A., to afford a quick, speedy and expeditious method of handling validation proceedings such as involved in this case. A time was fixed for all interested persons to intervene. H. C. Williamson, and others, did not take advantage of the opportunity afforded to them and they have given no sufficient reason for intervention at the time set and have utterly failed to show an abuse of discretion on the part of the Circuit Judge in denying their petition to intervene.”
The taxpayers in this case had due process of law when the statute was complied with as to the rule nisi. The right of appeal is not necessary to due process of law. Standard Oil Co. of Indiana v. State of Missouri ex inf. Hadley, 224 U.S. 270, 32 S.Ct. 406, 56 L.Ed. 760, citing Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97. The taxpayers, prior to validation, were parties to the suit and could have answered without the order of the Court. This they failed to do and were then relegated to the provisions of Section 75.07 F.S., F.S.A. They failed to take any proceedings under said section.
No good purpose would be served by discussing other cases which may have some bearing upon this issue. It is sufficient to say that the question was settled in State of Florida, H. C. Williamson v. Florida State Improvement Commission, supra.
The motion to dismiss the appeal should be granted.
SEBRING, J., concurs.